## Wade v. Cleavenger et al.

*Scott & Hook,* for plaintiff.

*Smith & Isherdood,* and *A. H. Sayers,* for defendants.

WAYCHOFF, P. J., November 26, 1938.—This matter comes before the court as follows:

On January 10, 1936, Irwin Wade, plaintiff, was walking upon the highway near Carmichaels, Cumberland Township, Greene County, Pa., and while so walking was struck by an automobile driven by Fred D. Cleavenger, a 17-year-old boy who was the son of Fred R. Cleavenger, and who was returning for the weekend from the Carnegie Institute of Technology, at which institution he was attending as a student. The evidence shows that as a part of the arrangements made by the parents of Fred D. Cleavenger to attend said school, the three of them, that is Fred R. Cleavenger, Mrs. Fred R. Cleavenger, and Fred D. Cleavenger, purchased a car and had the title issued in the name of Fred D. Cleavenger in order that the said Fred D. Cleavenger might have a method of traveling to and from the said school at weekends, holi-

days, and some other times. About this there seems to be no dispute. The case was tried the first time on the assumption by this court that such a situation made the father liable for the negligent act of his son. The first trial resulted in a verdict in favor of plaintiff.

Thereafter, defendant asked for a new trial and judgment non obstante verdicto upon the whole record. We decided that the agency of the son for the father under all the circumstances of the case was a matter of fact for determination by the jury and we had erred in deciding it as a matter of law and granted a new trial.

Thereafter, a second trial was had with the result that the jury rendered another verdict in favor of plaintiff. At this trial we very carefully considered the matter of agency of Fred D. Cleavenger for his father as a matter of fact and left it entirely to the jury.

By its verdict, the jury decided that Fred D. Cleavenger, under the evidence offered, was the agent of his father, Fred R. Cleavenger, and returned a verdict accordingly against both Fred D. Cleavenger and Fred R. Cleavenger.

Many other incidental items of history of the case could be recited but it seems to us that the above statement of facts raises the one question which we apprehend must be decided in order to adjudicate the present issue.

As we see it, the entire controversy centers around the agency of Fred D. Cleavenger for his father, Fred R. Cleavenger, in the operation of the automobile, which was the instrumentality involved in the accident. No question arises in our mind as to the propriety of the verdict against Fred D. Cleavenger. Without doubt there is a serious question for adjudication by the courts as to the agency of Fred D. Cleavenger for Fred R. Cleavenger and as to the liability of Fred R. Cleavenger.

The case does not seem to have been directly decided in Pennsylvania and for that reason we are compelled, to some extent at least, to decide the matter without guidance of appellate decisions.

Counsel for defendant, Fred R. Cleavenger, in a very able brief, argue that the agency of Fred D. Cleavenger for Fred R. Cleavenger was not proved by sufficient evidence to justify the submission of that question to the jury. This court in the first trial ruled that as a matter of law the evidence shows Fred D. Cleavenger was the agent of Fred R. Cleavenger in the operation of the motor car. Believing that instruction was erroneous, we granted a new trial and at the second trial we left that question as a matter of fact entirely to the jury upon the evidence. Defendant, Fred R. Cleavenger, now claims that the matter should not have been left to the jury; that we should have decided, as a matter of law, that the evidence of agency was insufficient to sustain a verdict to that effect by the jury. This we do not agree with. We believe that agency is a matter of fact to be proved by the party alleging it and that the evidence in this case of such agency is sufficient to sustain the verdict of the jury.

We have considered carefully the third and fourth points presented by defendant and our answer thereto and believe that the jury was properly instructed as to the law governing this question of agency. We quote the third point offered by defendant:

"THIRD: The father cannot be held liable for the negligent act of his 18 year old son, unless it is shown that the son was the agent of the father, engaged in the furtherance of the father's business or pleasure, or in and about a matter in which the father had an interest, and unless you find the son was the agent of the father and was so engaged in the father's business or interest, your verdict must be in favor of defendant, Fred R. Cleavenger, the father.

"ANSWER: Affirmed and read."

"FOURTH: The business or interest of the father does not relate generally to those purposes and interests which have for their object the advancement of his son in his career, profession, or business, and while the father may be said to be interested in his son's education, that is not

such an interest as would make the father responsible for the tortious or negligent act of his son, Fred D. Cleavenger, and unless you so find, your verdict should be for defendant, Fred R. Cleavenger, the father.

"AFFIRMED, and read, with discussion. A father is interested in a sense in almost every act performed by his son, and especially in those which have for their purpose and object the advancement of the son in his career, profession, or occupation. It is not in that sense that the law regards the term, because a man may have an interest of the same character, though perhaps not so intensive in degree, in the acts of many others to whom he is related by the ties of blood or affection. So that you understand that, the court directs you now that Fred R. Cleavenger must have more interest in this affair, in this transportation of his son, than the mere fact of his interest in the education of his son. He must be interested in this travel with the car as a financial matter. He must have assisted in the purchase of this car for the purpose of saving, or arranging his affairs of assisting in his own interest in order to be liable, and, if you find he did not do so, you cannot find a verdict against him. On the other hand, if you find that he did have an interest of that kind, a financial interest in this transportation of his son, and that he did engage in this transportation as a financial matter, then you may find a verdict against him. That is a matter of fact left to the jury entirely, whether or not Fred R. Cleavenger, under all the circumstances that have been proved in this case, was financially interested with his son in transportation of his son to and from this school, is a matter of fact entirely to be decided by the jury under all the evidence in this case."

Looking over our record, we do not see how we could have safeguarded the legal interests of the said Fred R. Cleavenger in any better way. We believe that the two points which were affirmed and the discussion upon the fourth point set forth exactly the law which governs the agency of a son for the father.

We believe the question of such agency is a question of fact for the jury and that it was submitted to the jury under proper instructions.

The motion for a new trial we do not regard as having any merit. The case has been tried twice and all of the facts presented, and twice has resulted in a verdict for plaintiff.

We therefore make the following orders:

And now, November 26, 1938, this matter came on to be heard, was argued and briefs submitted and after consideration, motion for new trial refused.

And now, November 26, 1938, this matter came on to be heard, was argued and briefs submitted and after consideration, motion for judgment non obstante veredicto upon the whole record refused.